

Littler Mendelson, P.C.
900 Third Avenue
New York, NY 10022.3298

A. Michael Weber
212.583.9600 main
mweber@littler.com

May 19, 2022

**VIA ECF**

Hon. Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

Re:    **_Lestingi v. The New York & Presbyterian Hospital, et al._, No, 1:20-cv-8800-PAE**

Dear Judge Engelmayer:

We write on behalf of Defendants The New York Presbyterian Hospital (the "Hospital"), Marc Greenbaum, and Tessa Jean (collectively, "Defendants") pursuant to Section 2.C of the Court's Individual Rules and Practice and Local Civil Rule 37.2 to request an order compelling a medical examination pursuant to Federal Rule of Civil Procedure 35. Plaintiff does not consent to this motion.

### Background

Defendants presume the Court's familiarity with the nature of Plaintiff's claims. *See* ECF Doc. No. 31. On February 28, 2022, Defendants served Plaintiff a Notice of Independent Medical Examination, to take place on March 9, 2022. *See* **Exhibit A**. On March 7, 2022, Defendants' counsel contacted Plaintiff's counsel to remind him of Plaintiff's upcoming medical examination. In response, Plaintiff's counsel objected on the basis that Plaintiff had not realized the medical examination would take place in person, and that her schedule precluded her from being examined at the noticed time and place. Plaintiff further objected to the scope of the examination, without elaborating on the nature of the objection.

On March 11, 2022, Defendants' counsel explained the nature of the physical examination for Plaintiff and advised Plaintiff that Defendants' expert physician was amenable to performing the medical examination at Plaintiff's home in Staten Island, to accommodate her traveling and scheduling concerns. Defendants requested a prompt response, but Plaintiff has refused to consent to any medical examination.

littler.com

Hon. Paul E. Engelmayer
May 19, 2022
Page 2

### Argument

The Court should enter an order compelling Plaintiff to appear for a physical examination at the medical offices of Dr. Jonathan Field at 133 E 58th Street Suite 502, New York 10022, according to the terms set forth in **Exhibit A**, to take place at 5:00 pm on a Tuesday or Friday as soon as practicable, on a date set by the Court. Dr. Field is a licensed medical doctor, an allergy and asthma specialist, and has extensive experience diagnosing and treating patients with vocal cord dysfunction, one of Plaintiff's alleged medical conditions.

Whether to order an examination under Rule 35(a) is within the District Court's sound discretion. *See Ligotti v. Provident Life & Cas. Ins. Co.*, 857 F. Supp. 2d 307, 318-19 (W.D.N.Y. 2011) (citing *O'Quinn v. N.Y.U. Med. Ctr.*, 163 F.R.D. 226, 228 (S.D.N.Y. 1995)). A Rule 35(a) order should be entered if: (1) the physical condition of a party is in controversy; (2) the expert is a suitably licensed examiner, and (3) good cause is shown. *See* Fed. R. Civ. P. 35(a). Here, each of the requisite factors are met.

Plaintiff's physical condition is in controversy. Plaintiff's claims are grounded in her allegations that she suffered from asthma, allergies, and vocal cord dysfunction and that the Hospital failed to reasonably accommodate those conditions. Her claim that one or more of these conditions constituted a "disability" is also a threshold issue in determining her ADA claim. Defendants deny that any of Plaintiff's conditions constitute a disability under federal law. Indeed, even Plaintiff's own treating physicians have in the past denied that Plaintiff's alleged symptoms are caused by asthma. *See* **Exhibit B**, at 2 ("[Dr. Lighvani] further states that [employee]'s condition is not an asthma attack but, a vocal cord dysfunction, and is not life-threatening.").

Good cause is shown where, as here, the nature and severity of Plaintiff's alleged conditions relate to whether the Hospital's accommodations were reasonable. *See Mohamed v. Marriott Int'l, Inc.*, No. 94 CIV. 2336 (RWS), 1996 WL 103838, at *4 (S.D.N.Y. Mar. 8, 1996); *Von Feasel v. City of New York*, No. 03 CIV. 5460, 2003 WL 22723011, at *2 (S.D.N.Y. Nov. 18, 2003). Defendants are entitled to an independent determination of whether Plaintiff's alleged conditions constituted a disability, *see Ligotti*, 857 F. Supp. 2d at 319, and, if so, the extent to which her disability would have affected her wage-earning capacity, *see Figueroa v. United States*, No. CV 2000-2773, 2008 WL 2626753, at *1 (E.D.N.Y. June 30, 2008). Plaintiff has put her wage-earning capacity at issue by requesting seven years of front-pay as a measure of damages. *See* **Exhibit C** at 2 (Plaintiff's Rule 26(a) initial disclosures).

Finally, there is no question that Dr. Field is a "suitably licensed examiner" within the meaning of Rule 35(a).

In addition, Defendants request that the Court grant Defendants leave to make an application for their reasonable costs and fees in connection with Plaintiff's failure to appear for her noticed independent medical examination, and Defendants' present motion. As Defendants

Hon. Paul E. Engelmayer
May 19, 2022
Page 3

have previously brought to the Court's attention, Plaintiff has a pattern and practice of objecting to appearances with short notice and refusing to appear, without reasonable justification. *See* ECF No. 27 (Defendants' motion for sanctions pursuant to Rule 37(d)(1)(A)(i) for failure to appear at her deposition).

### Conclusion

For the foregoing reasons, Defendants respectfully request that the Court enter an order (1) directing Plaintiff to appear for a physical examination in accordance with the terms set forth above, and on a date specified by the Court, and (2) granting Defendants leave to file an application for their costs and attorneys' fees as set forth above.

Respectfully yours,

*/s/ A. Michael Weber*

A. Michael Weber

cc: Miguel A. Lopez, Esq.
Zack Holzberg, Esq.

---

The Court will address defendants' requests at the case management conference scheduled for May 24, 2022. The Court reiterates its admonition that the parties resolve their disagreements in a collegial manner and in good faith. *See* Dkt. 29. SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: May 20, 2022